UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS J. DeVIZZIO,

        Plaintiff,

v.

COMM'R OF SOC. SEC.,

        Defendant.
_____

1:14-CV-0386
(GTS/ESH)

APPEARANCES:　　　　　　　　　　　　　　　　　OF COUNSEL:

NICHOLAS J. DeVIZZIO
    Plaintiff, *Pro Se*
40 Warren St.
Saratoga Springs, New York 12866

SOCIAL SECURITY ADMINISTRATION　　　　　　JEREMY A. LINDEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
    Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this action filed by Nicholas J. DeVizzio ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking child's disability benefits, are (1) the Report-Recommendation of United States Magistrate Judge Earl S. Hines, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the Commissioner's decision be reversed and the case remanded, (2) Plaintiff's objections to the Report and Recommendation,

(3) Defendant's letter brief stating no objections to the Report and Recommendation. (Dkt. Nos. 42, 44, 45, 46.)

After carefully reviewing the relevant filings in this action, including the Objections, the Court can find no error in the Report-Recommendation: Magistrate Judge Hines employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 42.)

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation but they must be "specific written" objections, and must be submitted "[w]ithin 14 days after being served with a copy of the recommendations disposition." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset,* 2010 WL 2346330 at * 1 (N.D.N.Y. 2010) (internal quotations omitted) (*citing Farid v. Bouey,* 554 F.Supp.2d 301, 307 [N.D.N.Y. 2008]).

This situation is unique in that the pro se Plaintiff filed objections to a Report and Recommendation that is in his favor. Plaintiff's objections are in fact suggestions. Plaintiff states that he is in "full agreement" with the Report and Recommendation, "with the following [] suggested corrections." (Dkt. No. 44 at 23.) Plaintiff suggests new terminology be used in reference to his medical conditions. (*Id.* at 7-10.) Plaintiff further suggests that new evidence be allowed on remand. (*Id.* at 10-16.)[1]

---

[1] The Report and Recommendation instructs that additional evidence supplied by Plaintiff should be included for review on remand. (Dkt. No. 42 at 19.)

As Plaintiff's "objections" are mere suggestions, and not "specific" objections, the Court reviewed the Report and Recommendation for evidence of "clear error." Finding no "clear error," the Report and Recommendation is accepted and adopted in its entirety for the reasons stated therein; the decision of the Commissioner is reversed and the case is remanded for further proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hines's Report and Recommendation (Dkt. No. 42) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** the Commissioner's motion for judgment on the pleadings (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **VACATED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the specific instructions outlined in the Report and Recommendation.

Dated: May 12, 2015
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge